## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SHAWN SHERRILL, #471270,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-01120-JPG** |
| | ) | |
| **WEXFORD HEALTH SOURCES,** | ) | |
| **NURSE SHERRI,** | ) | |
| **NURSE YEVONNE,** | ) | |
| **NURSE BEVERLY,** | ) | |
| **THOMAS SAGGLO,** | ) | |
| **and DR. SHAH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Shawn Sherrill, a pretrial detainee at St. Clair County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at the Jail. (Doc. 1). In the Complaint, Plaintiff explains that he requires the use of a colostomy bag that must be replaced every one or two days to avoid the risk of infection. (*Id*. at 8-14) Since his arrival at the Jail on February 18, 2021, the defendants have denied him replacement colostomy bags more than once or twice weekly, sanitary conditions for colostomy bag replacement, and sufficient hygiene products for self-care before and after the procedure. (*Id*.). As a result, he has faced an unnecessary risk of infection that amounts to punishment in violation of the Fourteenth Amendment Due Process Clause. (*Id*.). Plaintiff seeks dismissal of his pending criminal case and expungement of his arrest records or, alternatively, money damages. (*Id*. at 7).

1

This case is now before the Court for review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

<u>Discussion</u>

Based on the allegations summarized above, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

**Count 1:**     Fourteenth Amendment due process claim against Defendants for denying Plaintiff adequate medical care and sanitary conditions in connection with his colostomy bag since he arrived at the Jail on February 18, 2021.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

A pretrial detainee's claim for the denial of medical care is governed by the Fourteenth Amendment Due Process Clause.  The claim has two components.  The Court first considers whether "the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted).  The Court next asks

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

"whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id*.

The Complaint includes a list of individuals who denied Plaintiff a replacement colostomy bag and the dates of each denial.  (Doc. 1, p. 8).  This list repeatedly refers to Nurse Sherri, Nurse Yevonne, Nurse Beverly, and Dr. Shah.  (*Id*.).  The dates of the denials are often the same or consecutive days.  (*Id*.).  Construing the allegations and exhibits liberally in favor of Plaintiff at this early stage, the Court finds that the Complaint articulates a claim against these individuals for repeatedly and unreasonably denying Plaintiff a replacement colostomy bag during his pretrial detention at the Jail.  Count 1 shall receive further review against them.

Thomas Sagglo and Wexford are mentioned nowhere in the body of the Complaint. Plaintiff cannot articulate a claim against a defendant simply by naming the individual or entity as a party in the case caption of the Complaint.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). He must set forth allegations against each defendant in the statement of his claim, so the Court and parties understand the basis for his claim against each one.  *See* FED. R. CIV. P. 8.  Having omitted both defendants from the statement of claim, Plaintiff has fallen short of articulating a plausible claim against them.  *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").  Count 1 shall be dismissed without prejudice against Sagglo and Wexford.

Finally, Plaintiff cannot obtain dismissal of his criminal case and expungement of his arrest record in this Section 1983 case.  The Court lacks authority to grant either form of relief in this civil rights action.  *See* 42 U.S.C. § 1983.  If he wishes to challenge a pending criminal case, he must do so by filing a motion in the criminal matter, a direct appeal of his conviction, or a post-conviction petition for relief.  That said, Plaintiff can pursue his request for money damages herein.

3

## Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 9) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *Id*.

In his motion, Plaintiff discloses no efforts to find an attorney. His bald assertion that he is unable to do so is not enough. Plaintiff should attempt to find counsel by contacting (writing, calling, or emailing) at least three (3) attorneys or law firms to request representation in this matter and then providing proof of his efforts by filing copies of his communications to/from counsel with a renewed motion.

Plaintiff also discloses no significant impediments to self-representation, beyond his indigence and lack of personal contacts inside and outside of jail. The Court notes that the Complaint was sufficient to survive screening against numerous medical defendants. Plaintiff points to no education, language, mental health, or other barriers to self-representation. Given the very early stage of this case, little is required of Plaintiff at this time. Defendants must be served with this lawsuit and file their answers. This will take time—two or more months even. Until they answer, the case cannot proceed. Therefore, Plaintiff should use this time to secure counsel on his own, if possible. If he is unable to find an attorney to represent him, Plaintiff is free to renew his request by filing a new motion for recruitment of counsel as the case proceeds. The Clerk's Office is **DIRECTED** to provided him with a copy of the court's standard motion for this purpose.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A.  **COUNT 1** is subject to further review against Defendants **NURSE SHERRI, NURSE YEVONNE, NURSE BEVERLY,** and **DR. SHAH**.  However, **COUNT 1** is **DISMISSED** without prejudice against **WEXFORD HEALTH SOURCES** and **THOMAS SAGGLO** for failure to state a claim upon which relief may be granted against these defendants.

**The Clerk of Court is DIRECTED to TERMINATE Wexford Health Sources, Inc. and Thomas Sagglo as parties in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **NURSE SHERRI, NURSE YEVONNE, NURSE BEVERLY,** and **DR. SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order**.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/18/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**<u>Notice</u>**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him/her with a copy of your complaint.  After service has been achieved, the defendant will enter his/her appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the Answer, but it is entirely possible that it will take 90 days or more.  When the defendant has filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.