IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| SHAWN SHERRILL,<br><br>Plaintiff, v.<br><br>SHERI MCLEOD, YVONNE ROKITA, BEVERLY AUSTIN, and DR. VIPIN SHAH,<br><br>Defendants. | Case No. 3:21-CV-01120-JPG<br><br>Hon. J. Phil Gilbert<br>District Judge |

**PLAINTIFF'S MOTION FOR A LIMITED
EXTENSION OF DISCOVERY AND RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF DISCOVERY**

Plaintiff Shawn Sherrill, through his attorneys, respectfully moves this Court for a limited extension of discovery to allow Plaintiff to obtain a response to his document subpoena to Wexford and conduct any directly relevant follow-up, as well as a corresponding extension of the expert deadlines; Plaintiff additionally responds in opposition to Defendants' motion for an expansive extension of discovery (ECF No. 79). In support, Plaintiff states as follows:

## INTRODUCTION

Plaintiff has acted diligently to complete discovery in this case. Despite Plaintiff's best efforts, delays by Defendants and their employer Wexford Health Sources, Inc., have left some important document production outstanding. As such, Plaintiff is seeking a limited extension of discovery to obtain documents Plaintiff requested well before the discovery deadline, and to

1

complete any necessary and limited follow-up. Defendants should not be rewarded for their delay and lack of diligence with additional opportunities to conduct discovery.

## BACKGROUND

Plaintiff, who is incarcerated, filed this case *pro se* on September 9, 2021. ECF No. 1. He alleges that Defendants, current or former Wexford medical-care providers for the St. Clair County Jail, were deliberately indifferent to his serious medical needs relating to his stoma and colostomy bag. Plaintiff's undersigned counsel was appointed to represent him on May 1, 2024, and entered an appearance after returning from extended leave on May 29, 2024. ECF Nos. 59-60. On June 28, after the parties conferred, they jointly requested an extension of the discovery deadline to October 31, 2024. ECF No. 69. On October 24, the parties again jointly sought to extend the discovery deadline to January 17, 2025. ECF No. 72. This motion was granted. ECF No. 73.

Plaintiff's counsel has worked diligently to move this case forward. Over the past few months, Plaintiff has taken the depositions of four defendants; conducted an inspection of the St. Clair County Jail; sought additional medical records from his providers and produced those records to Defendants; issued a document subpoena to the St. Clair County Jail; issued a second request for production to Defendants followed up by a subpoena to Wexford after the Defendants responded that they did not have possession, custody or control of the documents sought; issued requests for admission; and conducted additional investigation. While Defendants have participated in the inspection and the depositions, they have not conducted any discovery of their own. Indeed, they have not taken even the most fundamental step: Defendants never scheduled or noticed a deposition of Plaintiff. The parties agreed to a date for Plaintiff's deposition, but defense counsel did not follow up or schedule the deposition with IDOC.

Plaintiff now seeks a limited extension of time to receive documents he first requested from Defendants on November 7, and then from Wexford via subpoena on December 16. *See* Exs. 1 & 2.

Defense counsel (who also represents Wexford in this matter) alerted Plaintiff on Friday, January 10 that Wexford is unable to complete their document production in response to Plaintiff's requests until sometime in February. Counsel for Defendants asked to confer, and the parties did so the next business day, on January 13. Ex. 3 a 7. Defense counsel asked how Plaintiff would like to handle the situation, and Plaintiff proposed a limited extension of discovery to allow Plaintiff to obtain the responsive documents, conduct any directly related follow-up, and file any motion to compel, if necessary. Defense counsel agreed with this approach, but stated that they would like to expand the discovery extension to allow Defendants to take Plaintiff's deposition. *Id.* at 3-4. This was the first time Defendants raised any request to extend the discovery deadline to conduct Plaintiff's deposition—just four days before the close of discovery. Plaintiff stated that Defendants had not exercised any diligence to take Plaintiff's deposition and that Plaintiff would not agree to an extension for that purpose. Notably, defense counsel did not provide any explanation as to how they have been diligent in seeking Plaintiff's deposition. *Id.*

Defense counsel asked for time to confer with his co-counsel, and said he would respond to Plaintiff's position by the next day (1/14). *Id.* at 3-4. Plaintiff followed up with a written summary of the call, in which he further explained his position and indicated that he would file a motion for a limited extension of the discovery deadline on Wednesday (1/15) if he did not hear back from defense counsel. *Id.* Defense counsel ultimately responded after business hours on Tuesday (1/14) stating that they rejected Plaintiff's proposal for a limited discovery extension,

3

that they would unilaterally seek a one-month extension of fact discovery and that they hoped Plaintiff would consent after it was filed. *Id.* at 2. Three minutes later, they filed their motion for an extension without making any further attempt to confer with Plaintiff. ECF No. 79. Plaintiff has since attempted to continue discussions with Defendants, but has not heard back. This motion follows. Ex. 3 at 1.

## ARGUMENT

### I. Legal Standard

Discovery deadlines may be modified for good cause. Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, the primary consideration is the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[T]o demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met."). A party cannot establish good cause simply by arguing that the extension will not prejudice the opposing party or noting that no trial date has been set. *See Mendez v. City of Chicago*, No. 18 CV 06313, 2021 WL 872955, at *5 (N.D. Ill. Mar. 9, 2021).

### II. Plaintiff has acted with diligence

In mid-July, Plaintiff sent a settlement demand to defense counsel to see if the parties could reach a reasonable resolution of this case before incurring the significant expense of depositions. Plaintiff did not receive any response from Defendants, and Plaintiff began asking Defendants to provide their availability for depositions on August 5. Ex. 4. After follow-up from Plaintiff, the depositions of Defendants McCleod, Shah and Austin were scheduled and taken on October 8 and 11. Plaintiff had to follow up numerous times regarding Defendant Rokita's deposition and even alerted Defendants that Plaintiff would have no choice but to seek

intervention from the Court. Ex. 5 at 1-2. Defendant Rokita finally provided availability, and her deposition was completed on December 4.

On October 9, Plaintiff followed up with defense counsel about three categories of medical records discussed by Defendants McLeod and Austin during their deposition that did not appear to have been produced despite being responsive to Plaintiff's First Set of Requests for Production, which were issued by Plaintiff's previous counsel. Ex. 6. Plaintiff did not receive a response, so he followed up again on October 29. Ex. 5. On November 1, defense counsel stated that the records "appear to all be in the Jail's custody rather than that of the Defendants. I should be able to confirm the custodian of those documents next week." Ex.5. On November 8, Defendants finally responded confirming their position that the medical records were in the Jail's control.

On November 1, Plaintiff issued a subpoena for documents to the St. Clair County Jail. Ex. 7. On November 7, and Plaintiff issued a Second Set of Requests for Production to Defendants. Ex. 1. On December 9, Defendants issued a written response to Plaintiff Second Set of Requests for Production but did not provide any responsive documents. *See, e.g.*, Ex. 8. The parties conferred on Monday December 16 (upon lead Plaintiff counsel's return from trial out of state). Defense counsel objected to several of Plaintiff's requests as overly broad and outside the scope of Plaintiff's claims. Defense counsel also took the position that responsive documents were not in Defendants' possession, but either in Wexford or the St. Clair County Jail's possession. *See* Exs. 8 & 9 at 2. Plaintiff disagreed on both fronts, but in an effort to compromise and be efficient, agreed to re-issue the requests in a document subpoena to Wexford. Defense counsel agreed to accept the subpoena on behalf of Wexford. Ex. 9 at 2. Additionally, Plaintiff explained that she would wait to file a motion to compel regarding the scope objections until he

received the subpoena response from Wexford, given Defendants' position on custody, possession and control and that Wexford might make additional objections. *Id.* Counsel for Defendants (and Wexford) did not express any concern or objection with this approach.[1] That same day, Plaintiff issued a subpoena to Wexford due January 3. Ex. 2.

That same day (12/16), Plaintiff's counsel also followed up with counsel for the St. Clair County Jail regarding their subpoena response and the still outstanding medical records. Counsel for the Jail stated that the medical records were all in Wexford's possession, custody or control.

Given that Wexford and the Jail were both finger-pointing, on December 19, Plaintiff emailed counsel for both entities and asked them to confer and let Plaintiff know which of them had possession, custody and control of Plaintiff's medical records from the period he was incarcerated at the Jail. *See* Ex. 3 at 9-10. Plaintiff followed up on December 31, and defense counsel responded that "Wexford likely has custody and control of Plaintiff's medical records" and he would need to follow up on certain medical documents described by Defendant McLeod. *Id.* at 8-9. At the same time, defense counsel asked for a one-week extension, until January 10, to respond to Plaintiff's subpoena to Wexford and provide the outstanding medical records. Plaintiff agreed. Ex. *Id.* at 8.

On January 10, defense counsel provided a written response to the subpoena from Wexford, asserting some of the same objections as the individual Defendants plus additional objections. Ex. 3 at 7; Ex. 10. Additionally, defense counsel stated that "[w]e plan to supplement our production of updated copies of the medical records as early as possible next week"[2] but "[t]he more significant issue is Wexford has advised us it cannot complete any ESI searches at

---

[1] Plaintiff intends to file a motion to compel on these issues this week.
[2] As of the time of filing, these have not yet been received.

this time because their electronic system for doing so is unavailable until next month." *Id*. Defense counsel asked to confer. There is no dispute that extra time is needed to get Plaintiff the responsive documents and to allow Plaintiff to conduct limited follow-up discovery. *Id*. This discovery may be crucial to support Plaintiff's claims, and Wexford has not provided any date by which they will get Plaintiff the responsive documents. Plaintiff expected to confer further about the appropriate length of any extension, but Defendants unilaterally filed their motion without discussion on this point. *Id.* at 2-3; ECF No. 79. Plaintiff believes that a fact discovery deadline set one week after Plaintiff receives Wexford's subpoena response would be appropriate. Assuming Wexford can respond by February 7, Plaintiff asks the Court to set a deadline to complete limited discovery related to Plaintiff's document subpoena by February 14. This would allow Plaintiff sufficient time to conduct any limited follow-up strictly related to information learned from Wexford's production.

 As discussed in detail above, Plaintiff acted with diligence to conduct discovery in this case, and thus has demonstrated good cause for a limited extension. Plaintiff has taken depositions, issued follow up discovery requests, and conducted an inspection. Plaintiff first sought the outstanding documents through a request for production to Defendants in early November. Defendants waited more than 30 days to tell Plaintiff that they did not consider the documents to be in their possession, custody or control. As a result, Plaintiff immediately sought the same documents from Wexford, who was represented by the same counsel. Still that subpoena response was due just shy of two-weeks before the discovery deadline. Plaintiff learned for the first time one week before the close of discovery that Wexford could not even begin to search for the responsive communications until sometime in February. Despite Plaintiff's best efforts, she could not obtain these documents and conduct limited follow-up

before the deadline. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). There is good cause for a limited extension to obtain these documents and conduct any necessary follow-up. *Id.*

### III. Defendants have delayed discovery, rather than acting with diligence

Defense counsel first appeared in this case on January 18, 2022. ECF No. 17. They have had nearly three years to depose Plaintiff. The parties discussed scheduling depositions in August, and defense counsel first inquired about Plaintiff's availability on September 18, asking if the week of October 14 would work. Ex. 11. Plaintiff agreed to be available any day that week, and suggested October 18. The parties agreed to hold the deposition on October 18, and defense counsel stated they would reach out to IDOC to schedule the deposition. Ex. 12. Plaintiff did not hear anything further, no notice was issued, and the deposition did not occur on October 18. Defendants had three more months after October 18 to conduct Plaintiff's deposition. Defendants never made any meaningful effort to schedule the deposition.

Defendants assert that they could not secure a time for the deposition of Plaintiff at any point over the past months (and really, years) because of the holidays and because defense counsel had several summary judgment motions or responses due around the same period. ECF No. 79 ¶6. Defense counsel does not provide any detail, including when these motions and briefs were due and whether they had assistance in completing them. Indeed, Defendants do not provide any explanation of any steps they took to schedule Plaintiff's deposition or why it did not go forward on October 18. There is simply no reason why Plaintiff's deposition could not have been scheduled, at the very least, between September and January 17. Defendants have not shown diligence in discovery in this case, and they should not be granted an extension of time to take Plaintiff's deposition, especially when the only reason Plaintiff has sought an extension is

8

because Wexford (represented by defense counsel) did not timely respond to Plaintiff's subpoena. Defendants should not be awarded for their own lack of diligence with an opportunity to cure it.

Defendants argue that Plaintiff will not be prejudiced by any extension and that a trial date has not been set, but this is not sufficient to show good cause. *See Mendez*, 2021 WL 872955, at *5. Moreover, their argument ignores the prejudice to Plaintiff from Defendants' request for an extension of time to complete Plaintiff's deposition, namely the:

- **Unfair Tactical Advantage**: Allowing the extension after years of delay could enable Defendants to tailor their approach to newly revealed aspects of the case, disadvantaging Plaintiff and incentivizing late-stage depositions.

- **Increased Litigation Costs**: The delay in taking the deposition will result in additional costs for Plaintiff, including preparing for the deposition again and addressing new issues arising late in the case.

- **Disruption of Case Strategy**: A late-stage deposition may force Plaintiff to revisit earlier strategic decisions, including those decisions taken for the depositions Plaintiff timely conducted.

- **Delay in Resolution**: Defendants' broad extension could cascade and push back summary judgment deadlines, pretrial conferences, or trial dates, delaying Plaintiff's ability to achieve timely resolution. This delay is not only prejudicial as memories fade and witnesses become unavailable, but resolution is especially pressing here in a case for compensation for physical and emotional harm.

Accordingly, Defendants' motion should be denied.

WHEREFORE, Plaintiff respectfully requests that the Court grant him a limited four-week extension of discovery, until February 14, 2025, that is limited solely to enforcing his outstanding subpoena to Wexford and conducting any direct follow up; Plaintiff additionally requests that the Court extend the expert discovery schedule by four weeks, to March 18, 2025.

Finally, Plaintiff requests that the Court deny Defendants' motion for a broad one-month extension of discovery.

                        RESPECTFULLY SUBMITTED,

                        /s/ Megan Pierce
                        Attorney for Plaintiff

                        Megan Pierce
                        LOEVY & LOEVY
                        311 North Aberdeen, 3rd Floor
                        Chicago, IL 60607
                        (312) 243-5900