IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *SHAWN SHERRILL, #471270,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-01120-JPG |
| | ) |
| *SHERI MCLEOD, YVONNE ROKITA,* | ) |
| *BEVERLY AUSTIN, and DR. VIPIN SHAH,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS SHERI MCLEOD, YVONNE ROKITA, BEVERLY AUSTIN, AND DR. VIPIN SHAH'S MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants, Nurse Sheri McLeod, Nurse Beverly Austin, Nurse Yvonne Rokita, and Dr. Vipin Shah, by and through undersigned counsel Sandberg Phoenix & von Gontard P.C., and respectfully submit their motion for summary judgment under Federal Rule of Civil Procedure 56 and Local Rule 7.1. In support of this motion, the Defendants state as follows:

*Introduction and Summary of Argument*

1.  On September 10, 2021, Plaintiff filed his Complaint (the "Complaint") under 42 U.S.C. § 1983 against Dr. Shah, Nurses McLeod, Austin, Rokita, and Sagglo, and their employer, Wexford Health Sources, Inc., making allegations of inadequate medical care in violation of his constitutional rights while detained at the St. Clair County Jail (the "Jail") (Doc. 1).

2.  The Court issued its merit review order (Doc. 10) on November 18, 2021 dismissing Nurse Sagglo and Wexford Health Sources, Inc, for failure to state a claim, and designating one count against the remaining Defendants: a claim for denying Plaintiff adequate

medical care and sanitary conditions in connection with his colostomy bag since he arrived at the Jail on February 18, 2021 (Doc. 10 at 2).

3. More specifically, Plaintiff alleges that the Defendants denied him replacement colostomy bags more than once or twice weekly, sanitary conditions for colotomy bag replacement, and sufficient hygiene products for self-care before and after the procedure, leading to a risk of infection (Doc. 10 at 1).

4. But the summary judgment record shows that Plaintiff's allegations are unsupported because (1) Plaintiff received replacement colostomy bags every three days pursuant to medical guidelines; (2) The accommodations Plaintiff requested for his colostomy bag were medically unnecessary and outside the Defendants' control; and (3) Plaintiff did not suffer any injury or face a substantial risk of harm as a result of the Defendants' actions.

*Applicable Law*

5. Summary judgment should be granted when the depositions, affidavits, and other materials in the record fail to establish a genuine issue of material fact. Rule 56(a)-(c).

6. A state pretrial detainee's claim under Section 1983 of inadequate medical care is predicated on rights secured by the Fourteenth Amendment's Due Process Clause. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 346-47 (7th Cir. 2018)).

7. Claims of inadequate medical care while in pretrial detention are subject to an objective-reasonableness standard. *Id.* (citing *Miranda*, 900 F.3d at 352).

8. The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a twofold showing.

9. First, he must show that the defendant acted purposefully, knowingly, or recklessly when considering the consequences of the response to the medical condition at issue. *Id.* (citing *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018)). A showing of negligence or even gross negligence will not suffice. *McCann*, 909 F.3d at 886.

10. Second, the plaintiff must show that the challenged conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances. *Id.*

*Argument*

11. Here, Plaintiff has not presented, and cannot present, sufficient evidence for a reasonable jury to find in his favor on either element of the claim.

12. The summary judgment record reflects that Plaintiff's allegations of objectively unreasonable care—when compared against the uncontroverted material facts—are unsupported.

13. First, it is undisputed that Plaintiff received replacement colostomy supplies at a rate consistent with accepted medical guidelines.

14. Second, the Defendants properly exercised their medical judgment in determining Plaintiff had no medical need for a different bathroom facility, single-cell housing, or additional cleaning supplies, which were all decisions generally administered by custody staff at the Jail and therefore outside the Defendants' control and scope of authority.

15. Third, Plaintiff can identify no tangible harm he suffered as a result of the Defendants' actions.

16. Although Plaintiff alleges that Defendants' actions caused him to face a risk of infection from emptying and cleaning his colostomy bag in the usual shared restroom for detainees in his cell block, this Court has held that a correctional medical provider is not deliberately indifferent if the circumstances causing delay are beyond the provider's control.

*Hoskins v. Chapman*, No. 3:20-cv-00508-GCS, 2022 U.S. Dist. LEXIS 32843, at *18-20 (S.D. Ill. Feb. 24, 2022) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002)).

17. Similarly, the provision of cleaning supplies including toilet paper were beyond the Defendants' control and available to Plaintiff via requests to custody staff; as such, they could not have provided treatment that was objectively unreasonable.

18. Furthermore, Plaintiff cannot present evidence that the Defendants caused him any discernible injury, or even that he faced an increased risk of infection because of the Defendants. *Williams v. Patel*, No. 11 C 9193, 2013 U.S. Dist. LEXIS 161358, at *14-15 (N.D. Ill. Nov. 13, 2013).

19. Here, there is no dispute that Plaintiff did not develop any infection related to his colostomy care at the Jail, received replacement colostomy bags at a rate consistent with applicable medical guidelines, and had the ability to empty and clean his colostomy bag as directed in his regular bathroom.

20. Regardless, the Defendants responded to Plaintiff's concerns about his colostomy bag and took action to evaluate reported symptoms related to his colostomy and ensure he received replacement colostomy supplies regularly.

21. For these reasons and as further argued in their Memorandum of Law in Support of their Motion for Summary Judgment, the Court should grant Defendants summary judgment.

WHEREFORE, for the reasons above and those stated in their Memorandum of Law in Support of their Motion for Summary Judgment, Defendants McLeod, Austin, Rokita, and Dr. Shah respectfully request that the Court grant summary judgment in their favor, and such further relief that this Court deems just and proper.

                    SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Alejandro S. Valdez*
       Rodney M. Sharp, #6191776IL
       Alejandro S. Valdez, #68528MO
       701 Market Street, Suite 600
       St. Louis, MO  63101-1826
       314-231-3332
       314-241-7604 (Fax)
       rsharp@sandbergphoenix.com
       avaldez@sandbergphoenix.com

*Attorneys for Defendants Dr. Vipin Shah, Sheri McLeod, Beverly Austin and Yvonne Rokita*

## Certificate of Service

I hereby certify that on this the 25th day of March 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Megan Pierce
Maria Makar
Arthur Loevy
Gianna Gizzi
Loevy + Loevy
megan@loevy.com
makar@loevy.com
arthur@loevy.com
gizzi@loevy.com
*Attorneys for Plaintiff*

                    */s/ Alejandro S. Valdez*